**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:13-cr-00084-APG-PAL |
| Plaintiff, ) | **ORDER** |
| vs. ) | (Mtn for SDT - Dkt. #35) |
| SCOTT WHEELER, ) | |
| Defendants. ) | |

This matter is before the court on Defendant Scott Wheeler's Motion for a Court Order for a Subpoena or Court Order Compelling Production of Discovery Relating to Training, Certification and Performance of Barney, a K-9 Narcotic Detection Dog and His Handler, Trooper Dice of the Nevada Highway Patrol (Dkt. #35) filed September 12, 2013. No response to the Motion was filed, and the time for filing one has now run. The court has considered the Motion.

**BACKGROUND**

On March 7, 2013, Wheeler was charged in a Complaint with one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(A)(viii). Defendant made an initial appearance on March 7, 2013, was appointed counsel, and after a hearing, was released on conditions pending trial. *See* Minutes of Proceedings (Dkt. #3). On March 12, 2013, a federal grand jury returned an Indictment (Dkt. #9) against Wheeler charging him with possession of a controlled substance with intent to distribute - methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). On March 22, 2013, Wheeler was arraigned on the Indictment, entered a not guilty plea, and was continued on pre-trial release under the same conditions. *See* Minutes of Proceedings (Dkt. #14). On August 27, 2013, a hearing was held concerning Wheeler's alleged violation of his pretrial release conditions. *See* Minutes of Proceedings (Dkt. #33). After a revocation hearing, the

court granted Wheeler continued release under pretrial services supervision, under additional conditions. *Id.* The court directed Wheeler to complete in-patient treatment at The Vitality Center. *Id.* Trial is currently set for December 2, 2013. *See* Order to Continue (Dkt. #27).

## DISCUSSION

Wheeler seeks an order requiring the Clerk of Court to issue subpoenas duces tecum to the Nevada Highway Patrol and Las Vegas Metropolitan Police Department for certain documents as set forth on Exhibit A to the Proposed Subpoenas, which are attached as Exhibit B to the Motion. Wheeler requests the information be produced in advance of an evidentiary hearing on his Motion to Suppress (Dkt. #34). Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal proceedings. Rule 17(c) establishes the process by which federal courts can issue subpoenas duces tecum for the production of evidence before trial and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena duces tecum be made returnable **before** trial. However, Rule 17 is not a discovery device. *United States v. Nixon,* 418 U.S. 683, 689 (1974), *superceded by statute on other grounds,* Fed. R. Evid. 104(a), *as recognized in Bourjaily v. United States,* 483 U.S. 171, 179 (1987), *superceded by statute on other grounds,* Fed.R.Evid. 801(d)(2), *as recognized by United States v. Kemp,* No. CR.A. 04-370, 2005 WL 352700 at *2 (E.D. Pa. Feb. 10, 2005); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."); *United States v. Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D. D.C. 1954) ("to construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations"). Rule 17(c) may, however, be used to obtain evidentiary materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20 (1951).

Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report at some time or place other than either a trial or hearing to be held at which he is to testify. Its purpose is to permit the issuance of subpoenas only to compel attendance at hearings conducted by the court and trial. *See United States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995), *cert. denied*, 516 U.S. 902 (prosecutor improperly secured attendance of witness at pretrial interview by subpoena); *United States v. Keen*, 509 F.2d 1273 (6th Cir. 1975) (government's use of subpoenas to compel witnesses to attend pretrial interview miles from place of trial at a proceeding not authorized by court was improper); *United States v. Stirone*, 168 F. Supp. 490 (D. Pa. 1957), *aff'd*, 262 F.2d 571 (3rd Cir. 1958), *rev'd on other grounds*, 361 U.S. 212 (1960) (improper for government to issue subpoenas compelling witnesses to appear at U.S. Attorney's Office in federal courthouse to ensure keeping of proper records).

Leave of court is required for a pretrial subpoena duces tecum. *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997). A number of courts have held that the court has discretion to require production of documents by subpoena *duces tecum* prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v. Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has stated:

> Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

*Nixon*, 418 U.S. at 702.

**B.**     **Standard for Pretrial Production**

The burden is on the party seeking production to show good cause for the production before trial. *Beckford*, 964 F. Supp. at 1022. In *United States v. Iozia*, the district court formulated a standard for establishing good cause for production prior to trial requiring a showing:

> (1) That the documents are evidentiary and relevant;
> (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;

///

> (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;
> (4) That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. 335, 338 (D.C.N.Y. 1952). Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production. *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Stein*, 488 F.Supp.2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F.Supp. 1214 (D.C.N.Y. 1985).

Here, the court finds that Wheeler has met his burden of establishing the need for pretrial production of the materials described in the proposed subpoenas. They are potentially evidentiary and relevant to issues raised in Wheeler's Motion to Suppress, which the court has set for an evidentiary hearing at 2:00 p.m. on December 10, 2013, pursuant to the parties' Stipulation (Dkt. #43). Producing the records in advance of the hearing will avoid delaying the evidentiary hearing while counsel review what may prove to be voluminous records. However, the court will not issue the proposed orders submitted by Wheeler for two reasons. First, the proposed orders would require pre hearing production of the materials to the office of the Federal Public Defender. Rule 17(c)(1) does not authorize issuance of a subpoena duces tecum requiring pretrial production of documents to counsel's office. Second, the proposed orders would compel non-parties to produce the items specified without an opportunity to be heard. Rule 17(c)(2) authorizes witnesses to whom the subpoenas are directed to file a motion to quash or modify the subpoenas "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Instead, the court will direct issuance of the proposed subpoenas, attached as Exhibit B to the Motion, directing the custodian of records to either produce the designated items within thirty days of the date of this Order to the Clerk of the Court, or file a motion to quash or modify. Upon receipt of the documents, the Clerk shall make the documents available for inspection and copying to counsel for Wheeler and the government prior to the evidentiary hearing.

Accordingly,

1. Wheeler's Motion for Subpoenas (Dkt. #35) is GRANTED.

/ / /

/ / /

2. The witnesses shall either file a motion to quash or modify or produce and forward documents responsive to the subpoena no later than fourteen days after service of the subpoenas duces tecum, along with a copy of this Order, to:

Clerk of Court
United States District Court for the District of Nevada
333 Las Vegas Blvd., South
Las Vegas, NV 89101.

3. Upon receipt of the documents, the Clerk of Court shall notify counsel for both parties that they are available for inspection and copying.

4. The cost of process, fees, and expenses for the witness shall be paid as if subpoenaed on behalf of the government, the court being satisfied that Wheeler is financially unable to pay the fees and expenses of the witness, and the presence of the witness is necessary to an adequate defense.

6. Counsel for Wheeler shall serve a copy of this Order, along with the appropriate subpoena, on the Custodians of Records for (a) the Nevada Highway Patrol and (b) Las Vegas Metropolitan Police Department.

7. Wheeler's Proposed Orders (Dkt. ##40, 41) are NOT APPROVED.

Dated this 25th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE